UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER BLUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 1203 CDP |
| | ) | |
| DAVID SCHMITT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Roger Blum is civilly committed in the custody of the Missouri Department of Mental Health, having been found by a jury to be a sexually violent predator under Missouri's Sexually Violent Predator Act (SVP Act), Mo. Rev. Stat. §§ 632.480, *et seq.*  He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that his judgment and commitment under the SVP Act was unconstitutionally obtained.  I will deny the petition.

### Procedural Background

Blum pled guilty in 1997 to three counts of sodomy and seven counts of statutory rape first degree.  The Circuit Court of St. Francois County, Missouri, sentenced Blum to ten concurrent terms of twenty-three years' imprisonment. Prior to Blum's scheduled release in July 2014, the State petitioned to have Blum civilly committed as a sexually violent predator (SVP) under the SVP Act.  (Resp.

Exh. B at pp. 17-34.)  The matter went to trial and, on July 13, 2016, a St. Francois County jury found Blum to be an SVP.  The court entered judgment that same date, committing Blum to the custody of the Missouri Department of Mental Health.[1] The Missouri Court of Appeals affirmed this judgment and commitment on October 17, 2017.  (Resp. Exh. F.)

Blum filed this federal habeas action in July 2018.  After being instructed to do so by the Court, Blum filed an amended petition on August 30, 2018.

## Grounds for Relief

In his amended petition for writ of habeas corpus, Blum raises five grounds for relief:

1)  That the trial court erred in failing to *sua sponte* declare a mistrial when it became apparent during voir dire examination that an unbiased jury could not be selected from the venire panel;

2)  That Blum received ineffective assistance of trial counsel for failing to move for mistrial based upon the biased nature of the venire panel;

3)  That the trial court erred in denying Blum's motion for mistrial based upon the State's failure to disclose a letter from a third party indicating that Blum performed card tricks while detained;

4)  That the trial court erred in denying Blum's motion to dismiss based on his argument that the unavailability of discharge under the SVP Act violates his constitutional right to liberty; and

5)  That the trial court erred in denying Blum's motion to dismiss based on his argument that commitment to the Department of Mental Health violates

---

[1] Blum is currently committed to the Sex Offender Rehabilitation and Treatment Service program at the Sexual Offender Treatment Center in Farmington, Missouri.

his rights to due process, equal protection, to remain silent, the effective assistance of counsel, and to be convicted only upon proof beyond a reasonable doubt; and his rights to be free from double jeopardy and from application of laws ex post facto.

In response, respondent argues that I should defer to the decision of the Missouri Court of Appeals and find that Blum is not entitled to relief on any of his claims.

### Standard of Review

Federal habeas review is available to challenge a State court order of civil commitment, even though the order was not the result of a criminal conviction. *Duncan v. Walker*, 533 U.S. 167, 176 (2001).  Courts have regularly reviewed civil commitment proceedings relating to the involuntary commitment of sex offenders under State statutes, s*ee Poole v. Goodno,* 335 F.3d 705 (8th Cir. 2003); *Linehan v. Milczark,* 315 F.3d 920 (8th Cir. 2003), and this Court has applied habeas corpus analysis to claims challenging civil commitments under Missouri's SVP Act.  *See*, *e.g.*, *Perkins v. Schmitt*, No. 4:14 CV 1505 CDP, 2017 WL 4123054 (E.D. Mo. Sept. 18, 2017); *Fogle v. Blake,* No. 4:06 CV 900 RWS (AGF), 2006 WL 3469613 (E.D. Mo. Nov. 29, 2006), *adopted by*, 2006 WL 3792627 (E.D. Mo. Dec. 20, 2006); *Jones v. Blake*, No. 4:06 CV 402 ERW (DDN), 2008 WL 4820788 (E.D. Mo. Nov. 5, 2008).

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions

of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State adjudication became final, and the source of doctrine for such law is limited to the United States Supreme

Court.  *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts.  *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001).  A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413.  Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief.  Instead, the State court's application of the law must be objectively unreasonable.  *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).  Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, a federal court must presume that State court findings of basic, primary, or historical facts are correct unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007).  Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief.  Instead, the determination of these facts must be unreasonable in light of the

evidence of record.  *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

I am "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  To obtain habeas relief, Blum must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).  This standard is difficult to meet.  *Id.*

### Ground 1 – Failure to Declare Mistrial During Voir Dire

The Missouri Court of Appeals summarized the relevant circumstances of voir dire examination as follows:

> During voir dire, defense counsel asked the venire panel if, knowing that there were more than ten victims, they could not "consider ever releasing [R.B.]."  Defense counsel stated that she saw "a lot of hands" raised in response to her question.  At this point, the State requested a side bar, out of the hearing of the venire panel, and objected to the question as it "call[ed] for commitment."  Defense counsel offered to rephrase the question, whereupon Defense counsel asked if the venire panel was able to consider whether R.B. did or did not meet the criteria to be committed under the law.  Venireperson 6 responded that she could not find R.B. innocent, and that she would have a hard time following the court's instructions to consider both potential outcomes.  Defense counsel then asked if there was anyone on the panel who could not follow the court's instructions. Venirepersons 4, 7, 9, 11, 19, 25, 28, 30, 32, 34, 37, 44, 49, 55, 58, 60,

61, 64, 65, 67, 68, 73, 74, 75, indicated that they could not follow the court's instructions.  The State struck these venirepersons for cause.

(Resp. Exh. F at pp. 4-5.)[2]  Following these strikes for cause, defense counsel raised no objection nor moved to strike the entire venire panel.  (*Id.* at p. 5.)  Blum claims that the trial court erred in failing to declare a mistrial *sua sponte* given that an unbiased jury could not be chosen from this venire panel.

Blum raised this claim on direct appeal.  But because the claim was not preserved at the trial court level, the Missouri Court of Appeals reviewed the claim for plain error and, finding none, denied relief.  (Resp. Exh. F at pp. 5-6.) Because this claim was not preserved in the trial court for appellate review, and the court of appeals analyzed the claim for plain error, I agree with respondent that the claim is subject to procedural default analysis.  *See Clark v. Bertsch*, 780 F.3d 873 (8th Cir. 2015).  The court of appeals' substantive discussion of this unpreserved claim does not lift the procedural bar given that the court's discussion was merely in conjunction with its plain error review.  *See Hayes v. Lockhart*, 766 F.2d 1247, 1252 (8th Cir. 1985); *see also Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994) (State court's consideration of merits of claim "as a matter of grace" does not erase fact that claim is defaulted because of petitioner's failure to comply with State's procedural rule).  Accordingly, I may review the merits of this unpreserved and

---

[2] Because Blum does not rebut these findings of fact with clear and convincing evidence, I presume them to be correct.  28 U.S.C. § 2254(e)(1).

procedurally defaulted claim only if Blum shows cause for the default and actual
prejudice resulting from the alleged constitutional violation, or that a fundamental
miscarriage of justice would occur if I were not to address the claim.  *Coleman*,
501 U.S. at 750.

In his amended habeas petition (ECF 8) and supplemental argument (*see*
ECF 39), Blum appears to claim that trial counsel's failure to move for mistrial and
thus preserve this issue for appeal caused his procedural default.  For ineffective
assistance of counsel to constitute cause to excuse procedural default, the
ineffective assistance must rise to the level of an independent constitutional
violation.  *Evans v. Luebbers,* 371 F.3d 438, 445 (8th Cir. 2004) (citing *Edwards v.
Carpenter,* 529 U.S. 446, 451-52 (2000)).  "Thus, the assistance rendered must
have been constitutionally substandard and prejudice must have resulted
therefrom."  *Id*. (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).  For
the reasons discussed below on Blum's related claim of ineffective assistance of
counsel, Blum has failed to show that the alleged ineffective assistance rose to the
level of an independent constitutional violation.  Accordingly, he has failed to
show cause to excuse his procedural default.  Nor has Blum shown that a
fundamental miscarriage of justice would result if I do not consider this defaulted
claim.  *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must
present new evidence of actual innocence or show that a constitutional violation

has probably resulted in the conviction of one who is actually innocent).

Accordingly, the claim raised in Ground 1 is procedurally barred from federal habeas review and will be denied.

## Ground 2 – Ineffective Assistance of Counsel

Blum claims that trial counsel rendered ineffective assistance by failing to move for mistrial once it became apparent that a fair and impartial jury could not be selected from the biased venire panel.  Blum raised this claim on direct appeal. The Missouri Court of Appeals denied relief, finding that a claim of ineffective assistance of SVP counsel is neither constitutionally nor statutorily cognizable, nor cognizable on direct appeal.  (Resp. Exh. F at pp. 6-7.)  For the following reasons, I must defer to the court of appeals' determination.  In addition, the claim does not establish cause for Blum's default of the claim raised in Ground 1.

Independent Claim of Ineffective Assistance of Counsel

When the Missouri Court of Appeals rendered its decision in *Blum* in October 2017, there was no clearly established federal law, as determined by the United States Supreme Court, that a respondent in a civil SVP proceeding had a constitutional right to the effective assistance of counsel during such proceeding. As a federal habeas court, therefore, I cannot find that the Missouri Court of Appeals' decision that Blum's claim was constitutionally non-cognizable "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See White v. Woodall*, 572 U.S. 415, 419 (2014) ("clearly established Federal law" includes only the holdings of United States Supreme Court decisions).

Blum asks me to apply the Missouri Supreme Court's holding in *In re Care & Treatment of Grado* – decided less than a year after his appeal – that due process requires the effective assistance of counsel in SVP trials given that the sought-after remedy in the proceeding, that is, involuntary civil commitment, impinges on the respondent's fundamental liberty interest. 559 S.W.3d 888, 895-96 (Mo. banc 2018). "Counsel in these proceedings help to protect the individual from having a fundamental right of liberty taken away." *Id.* at 896. But this decision was based on the court's interpretation of only Missouri's and other States' legal precedents, not federal law. And it invoked clearly established federal law, *i.e., Strickland v. Washington*, only to determine whether Grado's counsel was constitutionally ineffective. *See Grado*, 559 S.W.3d at 894-99. If a rationale must be extended before it can be applied to the facts at hand, "then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)). The Missouri Supreme Court's 2018 decision that respondents have a constitutional right to the effective assistance of counsel at SVP proceedings was not based upon clearly

established federal law.  If such law was not clearly established in 2018, then it certainly was not clearly established in 2017 when the Missouri Court of Appeals rendered its decision here.

Blum's independent claim of ineffective assistance of counsel will be denied.

Ineffective Assistance of Counsel as Cause for Default

Given that Blum contends that counsel's alleged ineffectiveness in failing to move for mistrial caused him to default the claim of trial court error raised in Ground 1 of this habeas petition, I will consider – out of an abundance of caution – the substance of Blum's claim for this purpose.  *See Edwards*, 529 U.S. at 451 (in certain circumstances, counsel's ineffectiveness in failing to properly preserve a claim for review in State court may constitute cause to excuse procedural default). *But see Davila v. Davis*,  137 S. Ct. 2058, 2062 (2017) (where no constitutional right to counsel exists for underlying proceeding, any attorney error in that proceeding that led to default in State court cannot constitute cause for default in federal habeas) (citing *Coleman*, 501 U.S. 722).

As noted above, the Missouri Court of Appeals addressed the substance of Blum's mistrial claim in conjunction with its review of the claim for plain error.  In this discussion, the court of appeals observed that the circumstances of the voir dire examination did not warrant a mistrial:

Here, there was no indication that the entire venire panel responded as argued by R.B. or that the entire venire panel was tainted by defense counsel's question. The circumstances were not so extraordinary as to warrant a mistrial. Moreover, R.B. did not suffer manifest injustice as every venire person who expressed an inability to follow the court's instructions was struck for cause.

Additionally, the trial court properly instructed the jury to keep an open mind about the case until they heard all the evidence. "It is well-established the jurors are presumed to follow the instructions provided." *State v. Dominguez-Rodriguez*, 471 S.W.3d 337, 344 (Mo. App. E.D. 2015). Because the jurors here were instructed not to make up their minds until after all the evidence was presented, it is presumed they followed the instructions and reached their decision as instructed. *Dominguez-Rodriguez*, 471 S.W.3d at 344.

(Resp. Exh. F at p. 5.) Accordingly, if trial counsel had indeed preserved the mistrial claim for appellate review, it is unlikely that the Missouri Court of Appeals would have granted relief on the claim.

For ineffective assistance of counsel to constitute cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation. *Evans*, 371 F.3d at 445. Blum must therefore show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, given that the court of appeals found that mistrial was not warranted on the basis Blum claimed, there is no reasonable probability that if counsel had preserved the claim for appellate review, the result of the proceeding would have been different. Accordingly, it cannot be said that the conduct of counsel as

- 12 -

alleged by Blum rose to the level of an independent constitutional violation. *See Zinzer v. State of Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995) (no ineffective assistance in failing to raise claim unlikely to succeed).

Blum's claim of ineffective assistance of trial counsel is therefore insufficient to establish cause to excuse his procedural default of the claim raised in Ground 1 of the amended petition.

### Ground 3 – Failure to Declare Mistrial on Withholding of Evidence

Blum claims that he was denied due process when the trial court failed to grant his motion for mistrial for the State's failure to disclose a letter from a third party indicating that Blum continued to perform card tricks while detained.  Blum argues that his defense strategy was affected by the State's use of this information in that it suggested that Blum continued to have serious difficulty in controlling his behavior.  Blum raised this claim on direct appeal and, upon consideration of the merits of the claim, the Missouri Court of Appeals denied relief.  (Resp. Exh. F at pp. 7-10.)

My review is limited to federal constitutional errors, not errors of State evidentiary matters.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Therefore, any consideration of alleged trial court error in failing to declare a mistrial is limited to whether Blum was denied due process by the trial court's ruling and not on whether the trial court misapprehended State discovery rules in

making its ruling.  *Id.*  To establish a due process violation, Blum must show that

"'absent the alleged impropriety, the verdict probably would have been different.'"

*Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999) (quoting *Carter v.*

*Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991)).

As summarized by the Missouri Court of Appeals, Blum testified at trial that

he knew performing magic tricks was a risk factor identified in the Missouri Sex

Offender Program and that he had told the prosecutor during a recent deposition

that he had stopped performing card/magic tricks in 2014.  (Resp. Exh. F at pp. 7-

8.)  Blum also testified at his deposition, however – and admitted at trial – that he

had performed such tricks as recently as two months before trial.  (*See* Resp. Exh.

A at pp. 304, 457-60.)  Blum testified at trial that he thought it was okay to resume

card tricks in jail given that there were no children around – "[w]hat's a card trick

going to hurt?"  (Resp. Exh. F at pp. 7-8.)

The day after Blum concluded his trial testimony, defense counsel reported

to the trial court that she had just learned that there was a letter written by one of

Blum's fellow detainees claiming that Blum was doing card tricks, that the letter

was provided to the State without her knowledge, and that the State told her the

letter "did not exist" when she asked for the letter the previous evening.  (Resp.

Exh. F at p. 8; Resp. Exh. A at pp. 487-88.)  Defense counsel reported to the court

that she would have changed her trial strategy if she had had the letter, and

particularly would have reconsidered the decision to have Blum testify.  (Resp. Exh. A at p. 487.)  The prosecutor responded that he had never seen the letter, that he and his staff looked for the letter after defense counsel asked about it, and that it was not located.  (*Id.* at 489-91; Resp. Exh. F at p. 8.)  The prosecutor stated, however, that regardless of the existence of the letter, he would have asked Blum if he continued to do magic tricks in jail "because the records are replete with situations where Mr. Blum used magic as either a grooming tool or some sort of technique to gain access to children."  (Resp. Exh. A at p. 492.)  The trial court denied defense counsel's motion for mistrial.  (*Id.* at p. 495.)

On appeal, the Missouri Court of Appeals denied Blum's due process claim, finding that Blum did not suffer any prejudice by the court's ruling given that even without the letter, the prosecutor would have asked Blum about his continued use of magic because of his admission that he used magic to gain access to children as a grooming tool.  (Resp. Exh. F at pp. 9-10.)  This determination is neither contrary to nor an unreasonable application of clearly established federal law.

To establish prejudice on a due process claim, a habeas petitioner must show that the alleged unconstitutional error so fatally infected the proceedings that the entire trial was rendered fundamentally unfair and that, in the absence of the error, the result of the proceeding would likely have been different.  *Harris*, 184 F.3d at 752; *Roberts v. Bowersox*, 61 F. Supp. 2d 896, 914 (E.D. Mo. 1999) (citing

*Kellogg v. Skon*, 176 F.3d 447, 452 (8th Cir. 1999)).  Here, Blum claims that the prosecutor's failure to disclose the letter affected his defense strategy, thus resulting in prejudice by the court's failure to grant a mistrial.  Indeed, as set out above, defense counsel did argue to the trial court that she would have changed her trial strategy if she had had the letter in question, and particularly would have reconsidered having Blum testify at trial.  But the entirety of the trial record shows that, even if Blum had not testified at trial, his deposition testimony and other trial testimony (including his mother's) showed that he continued to perform magic tricks while detained – up until about two months before the July 2016 trial.  (*See*, *e.g.*, Resp. Exh. A at pp. 414, 472-73, 579.)  And Dr. Harry Goldberg, a forensic psychologist,[3] testified at trial about the effect of Blum's continued performance of magic tricks in prison, acknowledging that Blum testified to such during his deposition.  (*See id.* at pp. 304-06, 310-11, 314.)  Accordingly, with or without the letter, and with or without Blum's trial testimony, the prosecutor was prepared to present evidence and testimony regarding Blum's continued use of card/magic tricks while detained and the negative implications such use had on his status as an offender.  Because the jury would continue to have before it the substance of this evidence, it cannot be said that the result of the proceeding would have been different in the absence of the alleged unconstitutional error.

---

[3] *See* Resp. Exh. A at p. 166.

Accordingly, the Missouri Court of Appeals' decision that Blum was not prejudiced by the trial court's ruling and thus was not deprived of due process was neither contrary to nor an unreasonable application of clearly established federal law.  The claim raised in Ground 3 of Blum's amended petition will therefore be denied.

### Ground 4 – Failure to Grant Motion to Dismiss/Denial of Liberty

In his fourth ground for relief, Blum claims that the trial court erred in denying his motion to dismiss because there is no possibility for discharge under the SVP Act, resulting in his being unconstitutionally deprived of his liberty. Blum raised this claim on direct appeal, and the Missouri Court of Appeals denied relief on several bases, including lack of reviewability, lack of merit, and ripeness. (Resp. Exh. F at pp. 10-12.)  Because I do not have jurisdiction over the claim, I will dismiss it.

In his motion to dismiss filed before the trial court, Blum raised the legal argument that the SVP Act was unconstitutional on its face and as applied to him because amendments enacted in 2006 removed the possibility of full discharge and added procedures for a person committed under the Act to instead obtain conditional release under which he would be subject to lifetime supervision by the Department of Mental Health, a parole officer, and the court. (*See* Resp. Exh. B at pp. 59-90.)  On appeal of the denial of this motion, the Missouri Court of Appeals

determined, *inter alia*, that the claim was not ripe as Blum had "not filed any petitions for release and has not demonstrated that he would even be entitled to unconditional release.  As the State correctly points out, R.B. cannot attack the commitment procedures in his case by asking this Court to assume that the State will act unconstitutionally in the future."  (Resp. Exh. F at p. 11.)  Because this claim challenges the conditions of Blum's possible *future* release, I agree with the Missouri Court of Appeals that it is not ripe for adjudication.

The ripeness doctrine is grounded in Article III's jurisdictional limit to deciding actual cases and controversies.  *Public Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005).  The basic rationale of the doctrine is to "'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"  *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).  "The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention."  *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (internal citations and quotation marks omitted).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Texas v. United States,* 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568,

580-81 (1985)).  I may raise and address the question of ripeness *sua sponte*.

*National Park Hosp. Ass'n v. Department of Interior*, 538 U.S. 803, 808 (2003).

After a person is committed under the SVP Act, Missouri law provides avenues for that person to secure conditional release.  The director of the Department of Mental Health (or their designee) is required to prepare an annual report on each resident's mental condition and provide it to the State court that committed the person.  Mo. Rev. Stat. § 632.498.1.  If the director determines that a resident is no longer likely to commit acts of sexual violence, then the director "shall authorize the person to petition the court for release."  *Id.* § 632.501.  Alternatively, a resident may file their own petition for release without director approval.  *See id.* §§ 632.498.2, 632.504.  If the court at a hearing determines by a preponderance of the evidence that the committed person is no longer likely to engage in acts of sexual violence if released, then the person is entitled to a trial on the issue.  *See id.* § 632.498.4; *In re Coffman*, 225 S.W.3d 439, 442-44 (Mo. banc 2007).  To justify continued commitment, the State must prove by clear and convincing evidence that the person is still likely to engage in acts of sexual violence if released.  Mo. Rev. Stat. § 632.498.5(3).  Otherwise, the person is entitled to conditional release.  *See id.* §§ 632.498.5(4), 632.505.1.  Accordingly, it is only *after* completion of the process of review, petition, hearing, and trial that conditional release is considered.

Blum's challenge to the constitutionality of conditional release is based on a future application of the law that will be based on consideration of factual circumstances that have not yet occurred.  And with no indication that the process for Blum's conditional release has begun, Blum will endure no immediate hardship if this claim is not now addressed.  *See Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967) (factors to consider in determining ripeness:  "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration"), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  Blum's challenge to the constitutionality of potential future conditional release is therefore premature.  Accordingly, the claim is not ripe for adjudication, and I must dismiss it for lack of jurisdiction.  *United States v. Gates*, 915 F.3d 561 (8th Cir. 2019) (per curiam).

## Ground 5 – Failure to Grant Motion to Dismiss/Omnibus Constitutional Grounds

In his final ground for relief, Blum claims that the trial court erred in denying his motion to dismiss because his trial and commitment as an SVP violated several of his constitutional rights, namely his rights to due process, equal protection, freedom from double jeopardy and ex post facto laws, proof beyond a reasonable doubt, silence, and effective assistance of counsel.  Blum raised this claim on direct appeal, and the Missouri Court of Appeals denied relief.  (Resp. Exh. F at pp. 12-14.)

First, relying on *Kansas v. Hendricks*, 521 U.S. 346 (1997), the court of appeals denied Blum's ex post facto and double jeopardy challenges, finding that these constitutional protections do not apply to commitments under Missouri's SVP Act because the proceedings are civil in nature.  (Resp. Exh. F at p. 12.)  This determination is neither contrary to nor an unreasonable application of clearly established federal law.  *See Hendricks*, 521 U.S. at 361-62 (right to be free from double jeopardy and ex post facto laws does not apply to civil commitment proceedings that do not implicate the primary objectives of criminal punishment: retribution or deterrence).

To the extent Blum claims that the State should be required to prove the grounds for his commitment beyond a reasonable doubt rather than by clear and convincing evidence, the court of appeals followed the guidance of *Addington v. Texas*, 441 U.S. 418 (1979), and determined that the purpose of Missouri's SVP Act – that is, to protect society and provide mental health treatment to SVPs – was appropriately satisfied with the clear-and-convincing burden of proof given that it properly allocated the risk between the State and the putative SVP while protecting the rights of putative SVPs with the formal processes required.  (Resp. Exh. F at p. 13.)  This determination is neither contrary to nor an unreasonable application of clearly established federal law.  *See Addington*, 441 U.S. at 432 ("We have concluded that the reasonable-doubt standard is inappropriate in civil commitment

proceedings because, given the uncertainties of psychiatric diagnosis, it may impose a burden the state cannot meet and thereby erect an unreasonable barrier to needed medical treatment.").

As to Blum's claim that he was denied his right to silence, the court of appeals reasonably denied relief based on *Allen v. Illinois*, 478 U.S. 364 (1986), which held that the Fifth Amendment's right to remain silent did not extend to persons subject to adjudication in a civil proceeding as to whether they are a sexually dangerous person because such proceedings are not punitive or criminal in nature.  *Id*. at 373-74.  (*See* Resp. Exh. F at p. 13.)  And, as discussed above regarding Blum's claim that he was denied his right to counsel, there is no clearly established federal right to counsel in State civil commitment proceedings.

Finally, with respect to Blum's contention that he was denied due process and his right to equal protection, the court of appeals characterized this argument as one challenging Mo. Rev. Stat. § 632.492's provisions that allowed the State to request a jury trial over his objection.  (*See* Resp. F at p. 13.)  Although respondent avers that the court of appeals addressed this claim on its merits (*see* ECF 16 at p. 20), the court of appeals actually declined to review this aspect of the claim because Blum had failed to preserve it at the trial court level for appellate review. (Resp. Exh. F at p. 13.)  Regardless, to the extent the court of appeals characterized the claim as challenging the State's right to jury demand, the claim is not

cognizable on federal habeas review because, as demonstrated by his brief on appeal, Blum sought relief based only on a purported violation of State law.  In his appellate brief, Blum argued that the State's demand for jury trial over his waiver violated only Missouri law, and specifically Article 1, § 22(a) of the Missouri Constitution and Mo. Rev. Stat. §§ 632.335, 632.350.  (*See* Resp. Exh. D at p. 82.) Because federal habeas review is available only on claims that a person is in custody in violation of the Constitution, laws, or treaties of the United States, Blum's claim brought under Missouri state law is not cognizable and will be dismissed.  24 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

To the extent Blum's due process and equal protection claim raised in this ground is actually directed to the manner by which the State conducts its review and conditional release process under the SVP Act, as claimed in his appellate brief (*see* Resp. Exh. D at pp. 74-77), this claim is premature given that Blum's challenge is directed to how application of the review and release process may affect him in the future.  Because Blum is challenging potential future action, the claim is not ripe for review, and I must dismiss it for lack of jurisdiction.  *United States v. Gates*, 915 F.3d 561 (8th Cir. 2019) (per curiam).

## Motion for Hearing

Blum moves for a hearing on the issues raised in this action.  Because the existing record before the Court is sufficient to resolve Blum's claims, I will deny

his motion.  *Johnston v. Luebbers*, 288 F.3d 1048, 1060 (8th Cir. 2002).

## Certificate of Appealability

Blum has failed to make a substantial showing that he was denied a federal constitutional right.  *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).  I will therefore not issue a Certificate of Appealability on any of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Roger Blum's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [8] is denied, and his original petition [1] is denied as moot.  Blum's motion for a hearing [41] is likewise denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2021.

- 24 -